UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| kCURA CORPORATION, | |
| Plaintiff, | No. 12 C 0707 |
| v. | Judge James B. Zagel |
| JACQUES NACK NGUE d/b/a eCLARIS eDISCOVERY CONSULTANTS and eCLARIS, INC., | |
| Defendants. | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff kCura Corporation, an Illinois corporation, has brought this action against Jacques Nack Ngue, allegedly doing business as eClaris eDiscovery Consultants, for breach of a licensing agreement, and against eClaris, Inc., a California corporation, for breach of a settlement agreement. Currently before the Court is Plaintiff's motion for summary judgment as to Count II of the complaint – breach of a settlement agreement against eClaris. For the following reasons, Plaintiff's motion is granted.

**BACKGROUND**

Plaintiff is in the business of licensing to law firms and e-discovery service providers their proprietary e-discovery software. In May 2010, Plaintiff entered into a written licensing agreement with Defendant eClaris, Inc. ("eClaris"). As of December 2011, eClaris, and possibly Mr. Ngue personally, owed Plaintiff the principal amount of $134,157.66 pursuant to the terms of the licensing agreement. The lion's share of that amount was past due. In January 2012, Plaintiff notified Defendants that the agreement would be terminated, and, having received no payments from Defendants, filed the original complaint in this action in February 2012.

1

The parties reached a settlement agreement in April 2012, whereby eClaris agreed to pay Plaintiff $134,157.66 plus interest. The first installment payment was to be in the amount of $10,000 and was due later that month. Defendants' check for the first payment bounced. This inauspicious beginning notwithstanding, Defendants provided Plaintiff with a good check for the first payment (plus the $5 bank fee for the bounced check) less than ten days after having been notified that the first one bounced. Nevertheless, Plaintiff asserts that the terms of the settlement agreement expressly provide that, should Defendants make a payment with a check that is subsequently returned by the bank for insufficient funds, the entire unpaid settlement amount becomes due immediately. Defendants did not remit payment for the full amount immediately and, accordingly, Plaintiff requested and received leave to reinstate the case. On May 9, 2012 Plaintiff filed an amended complaint for the reinstated action; since that time Defendants appear to have made no further efforts to pay down the amount owed to Plaintiff under the settlement agreement.

## DISCUSSION

Summary judgment should be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). A genuine issue of triable fact exists only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Pugh v. City of Attica, Ind.*, 259 F.3d 619, 625 (7th Cir.2001).

Once the moving party has set forth the basis for summary judgment, the burden then shifts to the nonmoving party who must go beyond mere allegations and offer specific facts showing that there is a genuine issue for trial. Fed.R.Civ.P. 56(e); see *Celotex Corp. v. Catrett*,

477 U.S. 317, 323–24, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The nonmoving party must offer more than "[c]onclusory allegations, unsupported by specific facts" in order to establish a genuine issue of material fact. *Payne v. Pauley*, 337 F.3d 767, 773 (7th Cir.2003) (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888, 110 S.Ct. 3177, 111 L.Ed.2d 695 (1990)). A party will be successful in opposing summary judgment only if it presents "definite, competent evidence to rebut the motion." *EEOC v. Sears, Roebuck & Co.*, 233 F.3d 432, 437 (7th Cir.2000). I consider the record in the light most favorable to the nonmoving party, and draw all reasonable inferences in the non-movant's favor. *Lesch v. Crown Cork & Seal Co.*, 282 F.3d 467, 471 (7th Cir.2002). I will accept the non-moving party's version of any disputed fact, however, only if it is supported by relevant, admissible evidence. *Bombard v. Fort Wayne Newspapers, Inc.*, 92 F.3d 560, 562 (7th Cir.1996).

The facts material to Count II of Plaintiffs' complaint are not in dispute.[1] At issue is only the proper understanding of the relevant terms of the settlement agreement. "A contract's meaning must be determined from the words or language used, and a court cannot place a construction on the contract which is contrary to the plain and obvious meaning of the language." *Johnstowne Ctr. P'ship v. Chin*, 99 Ill. 2d 284, 287 (1983). "In interpreting a contract, meaning and effect must be given to every part of the contract including all its terms and provisions, so no part is rendered meaningless or surplusage unless absolutely necessary." *Martindell v. Lake Shore National Bank*, 15 Ill.2d 272, 283 (1958).

The relevant language of the settlement agreement could certainly have been clearer, but in my view it is not ambiguous. Paragraph 4 of the agreement states:

---

[1] The parties do dispute facts germane to Mr. Ngue's personal liability *vel non* under the licensing agreement. Plaintiff has moved for summary judgment only as to Count II of the complaint, however, and questions of Mr. Ngue's personal liability are immaterial here.

3

> The failure of eClaris, Inc. to make timely payment to KCURA in accordance with Paragraph 1 above shall constitute a "Default Event." If a Default Event occurs, KCURA (or its authorized counsel as provided below) shall provide written notice to ECLARIS pursuant to Paragraph 5 below. If ECLARIS fails to cure the Default Event with (10) days of service of notice, all unpaid amounts pursuant to Section 1 above shall become immediately due and owing by eClaris, Inc. (the "Default Amount"). If ECLARIS makes a payment, but the check is returned by the bank for insufficient funds, all unpaid amounts of the Settlement Amount, together with the bank charges for the insufficient funds check, shall become immediately due and owing as a Default Amount. Interest at the rate set forth in Section 1 shall continue to accrue on, and be added to, the Default Amount until such time as the Default Amount is paid in full, and the Default Amount shall also include attorneys' fees and costs as applicable under Section [17] below.

eClaris made a payment, and the check was returned by the bank for insufficient funds. By the terms of the agreement, all unpaid amounts of the settlement amount thus became "immediately due and owing."

Defendants assert that they are entitled to the ten-day grace period referenced in Paragraph 4 to cure the default. And indeed they did provide Plaintiff with a good check less than ten days after receiving notice of the default. Taking the first sentence of Paragraph 4 in isolation, a bounced check might well be considered a "Default Event" as defined by the agreement. The contract must be read as a whole, however, and the subsequent terms set forth in the very same paragraph clearly separate an untimely payment that results from a bounced check for different treatment. By the agreement's very terms, untimely payments that result from a bounced check are not given the benefit of a ten-day cure period.

It may well be fair to characterize Plaintiff's decision to reinstate the suit under these circumstances as somewhat harsh. But it is not contrary to the plain language of the settlement agreement – a contract that both parties, clearly sophisticated, negotiated and agreed to.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for summary judgment as to Count II of the complaint is granted. This leaves only Count I of the complaint to be resolved.

ENTER:

*James B. Zagel*

James B. Zagel
United States District Judge

DATE: December 19, 2012